IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JANET MIMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11 C 01503 |
| | ) | |
| THERESA HOFFMAN, *et al.*, | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons stated more fully below, costs are awarded to the defendants but reduced to approximately $6,828.51. The plaintiff's request for relief from costs on the ground of indigence is denied. The Court directs the defendants to submit to the Court's proposed orders inbox, on or before August 4, 2015, a revised bill of costs consistent with the following rulings.

## STATEMENT

As relevant to the issue of costs, the plaintiff, Janet Mims brought this lawsuit against Theresa Hoffman and Mariam Hamad, two officers employed by the Chicago Police Department. Mims alleged that the officers violated her civil rights when they stopped and seized her and had her detained. Mims sought compensatory and punitive damages as well as other appropriate relief. At trial, the jury returned a verdict for the defendants, who then submitted a bill of costs seeking $12,857.88. Mims conceded $4,053.45 but objected to the remaining costs. Mims further argued that the Court should excuse her from paying costs, because she is indigent. In reply, the defendants conceded several costs relating to obtaining medical records; they now seek a revised amount of $12,524.38.

The Seventh Circuit has held that costs should be awarded as a matter of course under Federal Rule of Civil Procedure 54(d). *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 701 (7th Cir. 2008); Fed. R. Civ. P. 54(d) ("Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party"). In *Little*, the Seventh Circuit explained that taxing costs against an unsuccessful litigant requires two inquiries: whether the cost is authorized by statute and, thus, recoverable and whether the amount of costs was reasonable and necessary to the litigation. 514 F.3d at 701. To be recoverable, a cost must be authorized by 28 U.S.C. § 1920:

> A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making

> copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (2012). To be reasonable and necessary, the amount of costs must be incurred out of necessity rather than convenience. This standard requires that the costs were reasonably necessary, but not absolutely necessary, for litigation. *Allen v. City of Chi.*, No. 09 C 423, 2013 WL 1966363, at *3 (N.D. Ill. May 10, 2015) (citing *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998)).

Although there is a presumption for awarding costs, the defendants have the burden of explaining how the costs are recoverable and why they were reasonably necessary. *Fairley v. Andrews*, No. 03 C 5207, 2008 WL 961592, at *8 (N.D. Ill. April 8, 2008). When the court cannot determine whether costs were reasonably necessary for the litigation, the court should not award costs. *Chemetell GmbH v. ZR Energy, Inc.*, No. 99 C 4334, 2001 WL 1104604, at *33 (N.D. Ill. Sept. 18, 2001). The Court considers the defendants' claimed costs, and Mims's specific objections, with these standards in mind.

## I. Objections to the Bill of Costs

Mims first objects to the $2,053 cost of videotaping and encoding the depositions of herself, William Estrada, and Bruce Moticka. Pl.'s Objections to Def.'s Bill of Costs 2, ECF No. 214. Costs for video-recorded depositions are recoverable, because they are authorized by federal statute. 28 U.S.C. § 1920(2) ("Fees for printed or electronically recorded transcripts necessarily obtained for use in the case"); *see Little*, 514 F.3d at 701 (holding that costs of both videotaping and transcribing a deposition can be billed to the unsuccessful litigant as long as both are reasonable and necessary). The videotaping of the Mims, Estrada, and Moticka depositions is a recoverable cost.

Mims argues, however, that the cost of videotaping the deposition was not necessary, and the Court agrees. Videotaping costs are reasonably necessary for deponents who may not be available to testify at trial. *Specht v. Google Inc.*, No. 09 C 2572, 2011 WL 2565666, at *2 (N.D. Ill. June 27, 2011); *see, e.g.*, *Trading Techs. Intern., Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 977 (N.D. Ill. 2010) (denying videotaping costs, because the party failed to contend that the deponents would be unavailable for trial); *Merix Pharm. Corp. v. Clinical Supplies Mgmt., Inc.*, No. 11 C 3318, 2015 WL 3407459, at * 10 (N.D. Ill. May 27, 2015) (denying videotaping costs because "it was a matter of convenience, not necessity, for CSM to obtain the video recordings, given that these were its own employees and it had written transcripts of their deposition testimony"). *But see LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, No. 08 C 0242, 2011 WL 5008425, at *3 (N.D. Ill. Oct. 20, 2011) (awarding video deposition costs of deponents who were merely on the may call or will call lists for trial). A video deposition is not necessary simply because it will be used to impeach the deponent at trial. *Rockett v. Marten Transport, Ltd.*, No. 99 C 3957, 2002 WL 54545 at *1 (N.D. Ill. Jan. 15, 2002) (finding that if a party wants an "edge" for impeaching the deponent by way of video deposition, the party must pay for that edge themselves); *see also Engate, Inc. v. Esquire Deposition Servs. LLC*, No. 01 C 6204, 2006 WL

695650, at *2 (N.D. Ill. March 13, 2006) (awarding videotaping costs for deponents who lived abroad but denying costs for deponents whom the party planned to impeach).

Here, there was plainly no risk that Mims, the plaintiff, would be unavailable for trial, and the defendants filed motions to bar Moticka and Estrada from testifying, so it can hardly be said that it was necessary for the defendants to take their video depositions; the defendants had no intention, at the time of the depositions, to call either of the witnesses. That the defendants ultimately subpoenaed Estrada to testify, moreover, is irrelevant; the question is whether at the time of the deposition there was a basis to believe that the witness would be unavailable for trial; here, the defendants have not provided information sufficient to support such a claim. Further, the defendants' use of the Mims deposition at trial does not render the video a reasonably necessary cost. Although the defendants correctly state that they "are not limited to the use of written transcripts for impeachment," the use of video depositions for impeachment is an "edge," the cost of which is only recoverable when reasonably necessary. Def.'s Reply in Supp. of their Bill of Costs 4, ECF No. 217; *Rockett*, No. 99 C 3957, 2002 WL 54545 at *1. The defendants were free to use a video deposition, rather than a paper transcript, for impeachment of Mims at trial for whatever enhanced effect they believed it would offer; however, because it was not necessary to do so, Mims need not subsidize the more expensive choice.

Mims next claims the defendants unnecessarily incurred costs by ordering the transcript of the pre-trial conference. Transcripts of pre-trial conferences are recoverable. 28 U.S.C. § 1920(2). The cost of pre-trial conference transcripts is reasonable and necessary when the conference included oral rulings on crucial information, such as motions *in limine*, jury instructions, exhibit lists, or witness lists, so that a party would need the transcript to effectively prepare for trial. *Allen*, No. 09 C 243, 2013 WL 1966363 at *3 (holding that $470.85 was a reasonable cost for a transcript). As the defendants point out, the Court issued several rulings during the pre-trial conference on exhibits and motions *in limine*. The defendants relied on the transcript as a necessary tool to prepare for trial; therefore, the Court awards the cost of the transcript.

Regarding the costs of medical records, the defendants have substantially reduced the amount of their claim from six invoices to two. The defendants seek $268.46 in costs for subpoenaing and copying medical records. Mims does not dispute the recoverability of the costs, for good reason. The cost of service is recoverable under "[f]ees and disbursements for printing and witnesses." 28 U.S.C. § 1920(3). The cost of copying medical records is also recoverable. 28 U.S.C. § 1920(4) ("Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case"). But Mims argues that the cost of service is unreasonably high in this case.

Fees of service generally may not exceed the service fee of the U.S. Marshall Service, currently at $65.00 per hour, plus any travel costs and other expenses, *Williams v. Fico*, No. 11 C 1105, 2015 WL 3759753, at *7 (N.D. Ill. June 15, 2015). And necessary expenses for obtaining medical records are reasonable and recoverable. *Chavez v. Guerrero*, No. 06 C 2180, 2014 WL 7212961, at *4 (N.D. Ill. Dec. 16, 2014). Although the reasonable cost of copying is between $.10 and $.20 per page, additional fees are sometimes necessary to obtain copies of medical records. *Garcia v. City of Chi.*, No. 08 C 5354, 2010 WL 4134996, at *2 (N.D. Ill. Oct. 12, 2010)

(finding the charge of $20.26 described simply as "Universata" recoverable, because the defendants explained that the cost was a necessary payment to a medical records service to obtain the plaintiff's medical records).

Here, the service charge for the Chicago Reed subpoena is a flat-rate of $18.00, but Legal Support also charges $30.00 as a witness fee, $20.00 to process the subpoena, $18.00 as a minimum charge, and $10.00 as an upload fee. Def.'s Bill of Costs 25, 27, ECF No. 193. For Illinois Masonic, the service charge is $18.00, plus $69.61 as a location fee, a $31.00 "hand serve" surcharge, $20.00 processing fee, and $10.00 as an upload fee. *Id.* The Illinois Masonic invoice also includes the charge of copying the records for $23.85 at $.45 per page. The defendants reasonably used a legal support service to obtain the medical records and necessarily incurred these expenses to obtain copies of Mims's medical records. As the defendants claim, medical records were material to this litigation. The various charges amounting to $268.46 are reasonable, because the defendants reasonably and necessarily incurred them.

Mims next objects to several costs incurred for trial preparation. Costs related to exhibit production are recoverable when there is sufficient detail to determine when the costs of production were reasonably necessary. *Chi. Bd. Options Exch. Inc. v. Int'l Secs. Exch., LLC*, No. 07 CV 623, 2014 WL 125937, at *6 (N.D. Ill. Jan. 14, 2014). In general, the Seventh Circuit adopts an expansive view of these so-called exemplification costs, encompassing graphs, charts, and sophisticated multi-media presentations. *Bell v. Keating*, No. 09-cv-754, 2011 WL 2182117, at *3 (N.D. Ill. June 2, 2011). If the "means of presentation furthers the illustrative purpose of an exhibit, it is potentially compensable as exemplification." *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 428-29 (7th Cir. 2000). But costs cannot be awarded unless the party necessarily obtained the particular exemplifications for the litigation. *Id.* In determining whether an expense was necessarily obtained, the Court may consider whether the exemplification was "vital to the presentation" or "merely a convenience or, worse, an extravagance." *Id.*

Mims claims that the defendants' TrialGraphix invoice listing various trial preparation services does not provide sufficient explanation to show that the costs are recoverable; however, the Court agrees with the defendants that—as to most of the costs, at least—the invoice is sufficient because it provides a detailed list of each service, the units or hours, and the rate at which the defendants were charged. The list includes produced documents, tabs, trial binders, and a color format board. 28 U.S.C. § 1920(4) expressly authorizes an award of costs for "exemplification and copies of papers necessarily obtained for use in the case," referring to materials prepared for use in presenting evidence to the court. *Vigortone Ag Prods., Inc. v. PM Ag Prods., Inc.*, No. 99 C 7049, 2004 WL 1899882 at *7 (N.D. Ill. Aug. 12, 2004). Courts have required an exact number of pages copied, which the defendants provide in the invoice. *Id.* Therefore, The Court rejects Mims's argument that there is insufficient information supporting recoverability.

As to whether the costs are reasonable and necessary, Mims objects to the costs labeled design consultant, graphic development, project management, and database administration. Since these costs are generally recoverable as costs of exhibit production, the remaining question is whether the costs were reasonable in this case.

The parties dispute the reasonableness of hiring a design consultant. Mims cites *Bell*, which found that the costs of a design consultant "push the boundaries of what is vital." No. 09-cv-754, 2011 WL 2182117 at *5. The defendants argue that these costs served to create multimedia exhibits that were reasonably necessary to present the case. Defendants cite *LG*, in which the court found that technological consultants were necessary to present complex evidence. No. 08 C 0242, 2011 WL 5008425, at *7. This complex evidence included digital presentations and computer graphics to demonstrate to the jury how steam-based dryers worked. *Id.* The court in *LG* found that the technological consultants organized and presented the evidence in an efficient manner. *Id.*

Applying the standard for exemplification costs articulated in *Cefalu*, the Court concludes that a design consultant was not "vital to the presentation" of evidence. 211 F.3d at 428-29. Unlike in *LG*, in which the parties displayed complex evidence to the jury about steam-based dryers, the evidence in this case was not complex, involving only one video. No. 08 C 0242, 2011 WL 5008425, at *7; Pl.'s Objections to Def.'s Bill of Costs 7. In *LG*, the defendants demonstrated how the technological consultant served as a timesaving tool; in contrast, the defendants here merely described the tasks of the consultant as project management, client meeting, and phone conference. No. 08 C 0242, 2011 WL 5008425, at *7; Def.'s Bill of Costs 33. Whatever design work went into the very straightforward exhibits presented at trial is not evident to the Court, and it is unclear what marginal benefit was obtained by having an outside design consultant produce them. The defendants did not elaborate at all on the necessity of the design consultant. The costs are denied.

The next question is whether the graphic development and project management costs were reasonable and necessary to the litigation. *See Chi. Bd. Options Exch.*, No. 07 CV 623, 2014 WL 125937, at *6 (awarding two entries worth $5,133 of the requested $57,696 for graphic development, because only those entries described the exhibits on which the developer worked). In this case, the invoice describes what computer designers and art directors do generally rather than specifying how the services contributed to the creation of particular exhibits. Def.'s Bill of Costs 33. Similarly, the Bill of Costs lists "project management" but does not describe what that management entails. *Id.* The defendants do not sufficiently explain the use of graphic development and project management to warrant an award of costs.

The Court does award the costs labeled "Database Administration & Electronic Image Branding," because these costs appear to refer to electronic production of documents. Def.'s Bill of Costs 32. In *Hecker v. Deere & Co.*, the Seventh Circuit held that the "costs for converting computer data into a readable format in response to plaintiffs' discovery requests" are recoverable. 556 F.3d 575, 591 (7th Cir. 2009). The costs of converting data and branding images are reasonable and necessary for litigation. *Chi. Bd. Options Exch.*, No. 07 CV 623, 2014 WL 125937 at *9.

Mims next argues that the rental cost of audio-visual equipment is neither recoverable nor reasonable. The cost of renting audio-visual equipment is ordinarily recoverable under 28 U.S.C. § 1920(4); however, the cost of the rental equipment was not reasonably necessary in this case, because the Court provides ELMO at no cost to the parties, and only one video and several photographs were shown at trial. *Interclaim Holdings Ltd. v. Ness, Motley, Loadholt, Richardson*

*& Poole*, No. 00 C 7620, 2004 WL 557388, at *3 (N.D. Ill. March 22, 2004). The defendants describe the equipment simply as "AV Equip Rental – Courtroom." Def.'s Bill of Costs 32. In reply to Mims's objections, the defendants did not further explain why they needed to rent basic equipment from an outside vendor. *See* Def.'s Reply in Supp. of their Bill of Costs 7. The defendants did not demonstrate that the rental equipment was reasonably necessary; therefore, the Court awards no costs for the equipment.

The Court also awards no costs for the $80 delivery charge. Delivery charges are not recoverable, because they are ordinary business expenses. *Telular Corp. v. Mentor Graphics Corp.*, No. 01 C 431, 2006 WL 1722375 at *11 (N.D. Ill. June 16, 2006). Delivery charges may be awarded when the costs are incidental to taking a deposition, like delivery charges by the court reporter. *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995). Here, the defendants have not shown the delivery charges to be incidental; thus the costs are not recoverable.

Finally, Mims objects to the video synchronization and production costs, because the cost is unreasonably high where only a single video—a snippet of Mims's deposition—was used at trial. Means of presentation are included under exemplification costs. *Cefalu*, 211 F.3d at 428. Costs associated with digitalization and synchronization can be taxed. *LG*, No. 08 C 0242, 2011 WL 5008425 at *3. These costs are recoverable; however, applying the standard for determining necessary costs in *Cefalu*, the costs were not "vital to the presentation" of the brief portion of deposition video. 211 F.3d at 428. Where the "context of the information being presented," does not call for "the means of illustration" that the party chooses, the cost of the illustration is not awarded. *Id.* Since the information was a brief portion of a deposition video and the means of illustration resulted in $1,377 in video production, the exemplification cost could even be deemed an "extravagance." *Id.* The Court denies the costs of video synchronization and production.

The Court reduces the bill of costs and awards the remaining costs to the defendants. The Court requests that the defendants resubmit a bill of costs in accordance with these rulings, estimating the cost at $6,828.51. The defendants should ensure that their 10% Trial Graphix discount is appropriately applied. Appendix A contains a summary of the objections and the Court's rulings.

## II. Indigence Argument

In addition to the objections above, Mims argues that her inability to pay any amount of costs exempts her. An unsuccessful litigant generally must bear the costs of litigation; however, denial of costs might be warranted when the unsuccessful litigant is indigent. *Gonzalez v. Houlihan's Rests., Inc.*, No. 05-C-7193, 2010 WL 1664931, at *6 (N.D. Ill. Apr. 23, 2010). In *Rivera v. City of Chicago*, the Seventh Circuit outlined a standard for this indigence exception. 469 F.3d 631, 635-36 (7th Cir. 2006). First, the threshold question is whether the losing party is incapable of paying the court-imposed costs now *and* in the future. *Id.* at 635. Second, the district court should consider the following factors when using its discretion to grant or deny costs: the amount of the costs, the good faith of the losing party, and the closeness and difficulty of the

issues raised by the parties. *Id.* at 635-36. Because Rule 54(d)(1) gives a presumption of awarding costs to the prevailing party, the indigence exception is a narrow one. *Id.* at 636.

To meet the threshold question, an unsuccessful litigant must show that he or she is incapable of paying the court-imposed costs now or in the future. *Id.* at 635-36. The burden is on the losing party to establish the factual finding of an inability to pay through documentation of income, assets, and schedule of expenses. *Id.* Sufficient evidence includes affidavits and documentary evidence listing income, assets, and a schedule of expenses. *Id.* The court must use its discretion to determine the accuracy and credibility of affidavits. *Gonzalez v. Houlihan's Rests., Inc.*, No. 05 C 7193, 2010 WL 1664931, at *4 (N.D. Ill. Apr. 23, 2010).

To show indigence, an unsuccessful litigant must prove that he or she is unable to pay the costs now and in the future. *Rivera*. 469 F.3d at 635. A party will not be able to prove indigence if she has short-lived financial troubles or ones that may turn around. *Gonzalez*, 2010 WL 1664931, at *5 ("she could even win the lottery"). For instance, a brief period of unemployment or bankruptcy does not demonstrate a party's inability to pay the costs in the future especially when that party has earning potential, because he or she is youthful, educated, and has a history of employment. *Smith v. Chi. Transit Auth.*, 2015 WL 2149552, at *3 (N.D. Ill. May 6, 2015). Present employment, existence of savings, and property or car ownership all indicate that a party will be able to pay costs now or in the future. *Ramirez v. Ill. Dep't. of Human Servs.*, 2015 WL 1593876, at *3 (N.D. Ill. April 2, 2015). A party with the financial support of family members is also more able to bear the costs of litigation. *Rivera*, 469 F.3d at 637.

On the other hand, an unsuccessful litigant who demonstrates systemic problems with earning a living or paying expenses will succeed in proving indigence. Lack of higher education can constitute a systemic problem when it results in sporadic unemployment or jobs that pay hourly wages. *Fabiyi v. McDonald's Corp.*, 11 CV 8085, 2014 WL 2819007, at *4 (N.D. Ill. June 23, 2014). Similarly, felony convictions can make it difficult for a party to attain high-paying jobs. *Mays v. BNSF Ry. Co.*, No. 1:10-cv-00153, 2013 WL 6645396, at *2 (N.D. Ill. Dec. 17, 2013). Unstable home life can constitute a systemic problem when a party loses the support of a spouse, *Buchanan*, 2014 WL 257880, at *1, or must make child support payments, *Mays*, 2013 WL 6645396, at *2. Health issues and disabilities also create systemic financial problems, rendering the unsuccessful litigant incapable of paying costs in the future. *Stollings v. Ryobi Techs., Inc.*, No. 08-C-4006, 2013 WL 3812082, at *2 (N.D. Ill. July 22, 2013).

In *Smith*, the court rejected the losing party's claims of indigence, because he did not show that he would be incapable of paying the costs in the future. 2015 WL 2149552, at *3. Smith filed for bankruptcy, but the court found that he had high potential earnings because he was thirty-six years old, educated, and had a history of employment. The court in *Smith* stated, "[A] current inability to pay does not foreordain an inability to pay in the future." *Id.*

Here, Mims argues that she is "a person of extremely limited means," and that "she would be unable to pay an award of costs of any amount for the foreseeable future." Pl.'s Objections to Def.'s Bill of Costs 5. Mims submitted a declaration outlining her unemployment, debt, present government assistance, and schedule of expenses. Decl. of Janet Mims 1. In addition, the Court has had several in-court colloquies with Ms. Mims about her personal

employment and financial situation. Her affidavit and oral statements to the Court constitute sufficient and credible evidence of her present financial situation. Mims recently notified the Court of an additional source of income. She received a settlement from another matter amounting to some portion of the defendants' claimed costs. This recent settlement does not substantially change the Court's finding of Mims's financial situation. Mims has shown that she is incapable of paying costs currently. She has been unemployed for nearly a year and lacks the financial stability of owning property, having personal savings, or having family nearby for support. *Id.*

But despite Mims's present financial troubles, like the plaintiff in *Smith*, who was similarly unemployed at the time of his case, her age, education, and history of employment indicate that she has nontrivial earning potential in the future. 2015 WL 2149552, at *3. Mims is in her early fifties and well educated. She achieved a bachelor's of science in forensic science and criminalistics and a minor in chemistry from Michigan State University. Mims also expects an additional certification as a patient care technician in October 2015. Mims does not have a systemic problem indicating that she will never be capable of paying the court-imposed costs. Moreover, Mims has not been convicted of a felony, subjected to an unstable home life, nor suffered from any health issues or disabilities that are certain to limit future earnings. Mims has not shown that she will be unable to pay costs at any point in the future.

Although Mims argues that the public record of this lawsuit has hindered her from finding or maintaining employment, the fact remains that any plaintiff who brings a case in a public forum cannot escape the obligations that accompany that right, such as paying costs to the winning party. As the Seventh Circuit stated in *Luckey*, "Someone has to bear the costs of litigation, and the winner has much the better claim to be spared them—not just a morally or economically better claim, but under Rule 54(d) a legally better claim." 183 F. 3d 730, 734 (7th Cir. 1999). The Court sympathizes with Mims's financial circumstances, but cannot conclude that she will be unable to pay costs in the future. Therefore, under *Rivera*, Mims is not indigent, and cannot be excused from paying costs.

[See Appendix on Next Page.]

Date: July 21, 2015

/s/ John J. Tharp, Jr.
John J. Tharp, Jr.
United States District Judge

Appendix: Summary of Rulings on the Bill of Costs

| OBJECTION | RECOVERABLE? | REASONABLE AND NECESSARY? | AWARD COSTS? |
|---|---|---|---|
| **Objections to Video Depositions Total: $2,053** | | | |
| Videographer appearance fee for Mims deposition: **$758** | YES | NO | NO |
| Videographer appearance fee for Estrada & Moticka depositions: **$740** | | | |
| Encode Mims video: **$305** | | | |
| Encode Estrada & Moticka videos: **$250** | | | |
| **Objections to the Transcript of Pre-trial Conference: $523.80** | | | |
| Report of Proceedings on 06/06/2014 Official Court Reporter: **$523.80** | YES | YES | YES |
| **Objections to Medical Records and Subpoenas Total: $219.96 of $268.46** | | | |
| Medical records from Chicago Reed Mental Health Center: **$96.00** | YES | YES | YES |
| Medical records from Illinois Masonic Hospital: **$172.46** | | | |
| **Trial Preparation Total: $6,218.17** (costs below listed without "10% Special Discount") | | | |
| Preparation of exhibits: **$1979.50** (B&W Document – Images Provided, B&W Document – Blowbacks, Color Blowbacks, Tabs, Trial Binders, Color Format Board) | YES | YES | YES |
| Design consultant: **$1,715.00** | YES | NO | NO |
| Graphic development: **$828.75** Project management: **$390** | YES | NO | NO |
| Database administration & electronic images branding: **$277.50** | YES | YES | YES |
| Rental AV equipment: **$450** | YES | NO | NO |
| Delivery cost: **$80** | NO | NO | NO |
| "Video Synchronization" & "Production – Audio / Visual": **$1,530** | YES | NO | NO |
| **Undisputed Costs: $4,053.45** | | | |
| Transcripts: **$2,778.20** Witness Fees: **$980.00** Copies: **$246.75** Medical Records: **$48.50** (service at Illinois Masonic Hospital and Chicago Reed Hospital) | | | |

9